```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

GURMUKH SINGH,

    Petitioner,

v.                                    CASE NO.: 2:21-cv-576-JES-NPM

DAVID HARDIN,

    Respondent.
_____/

## OPINION AND ORDER

Pending before the Court is Petitioner Gurmukh Singh's 28 U.S.C. § 2241 petition for writ of habeas corpus, filed July 30, 2021. (Doc. 1). At the time he filed this petition, Petitioner, a native and citizen of India, was in the custody of the United States Immigration and Customs Enforcement ("ICE"). (Id.) He sought immediate release from ICE custody pending his removal from the United States. (Id. at 10).

On December 16, 2021, Respondent argued that the petition should be denied because Petitioner's deportation to India was imminent. (Doc. 9). Respondent noted that Petitioner was scheduled to interview with an investigator from the U.S. Embassy in New Delhi, India and that—once his identity was verified—a consulate for India would issue a travel document for his removal. (Id.) Petitioner did not file a reply, and Respondent did not further update the Court on the status of the removal proceedings.

Therefore, on August 15, 2022, the Court directed Respondent to file an update. (Doc. 10).

On September 2, 2022, Respondent moved to dismiss the petition as moot because Petitioner was released from ICE custody under an order of supervision. (Doc. 12). Petitioner has not responded to the motion, and the matter is ripe for review. Upon consideration of the petition and Respondent's motion to dismiss, the Court finds that this action must be dismissed as moot.

### Discussion

Read liberally, the instant habeas petition challenges Petitioner's continued detention by ICE pending deportation as unconstitutional under Zadvydas v. Davis[1] because, at the time he filed the petition, Petitioner had been detained for almost ten months. (Doc. 1 at 6). Notably, Petitioner did not challenge the underlying order of removal; rather, he sought only release from custody under an order of supervision.[2] And on January 13, 2022,

---

[1] In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that the United States may not indefinitely detain aliens under an order of deportation. To justify detention of aliens for a period of longer than six months, the government has to show removal in the foreseeable future or special circumstances. Id. at 691.

[2] In the immigration context, the Eleventh Circuit has held a habeas petition filed by a deported alien may survive a mootness challenge if the petitioner challenges not only his detention, but also his final order of removal. Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1290 (11th Cir. 2019) (citing Moore v. Ashcroft, 251 F.3d 919, 922 (11th Cir. 2001) (holding that the time bar on readmission to the United States after applicant's

Petitioner was released under an order of supervision—the exact relief sought.  (Doc. 12 at 5; Doc. 12-4).

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal punctuation omitted).  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  Id. at 1336.

Here, Petitioner challenged only his continued detention by ICE, and he sought only release under an order of supervision—which has been granted.  Thus, Petitioner's petition is moot.  "Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.' "  Soliman v. United States ex rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002) (quoting Spencer v. Kemna, 523 U.S. 1, 18 (1998)).  Because the Court can no longer give Petitioner any meaningful relief "dismissal is required because mootness is jurisdictional."  Al Najjar, 273 F.3d at 1336.[3]

---

removal satisfied the injury requirement)).

[3] The Eleventh Circuit has recognized a limited exception to the mootness doctrine when:  "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration."  Soliman, 296 F.3d at 1242–43.  There is nothing to suggest that Petitioner will

Accordingly, it is now

**ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as moot.**

2. Petitioner is **DENIED** a certificate of appealability.[4]

3. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 4, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:     FTMP-2
Copies: Gurmukh Singh, counsel of record

---

be placed back into the custody of ICE before ICE obtains a travel document allowing for petitioner's immediate removal to India. Accordingly, this exception to the mootness doctrine is inapplicable.

[4] Petitioner is denied a certificate of appealability because he cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made (or attempted to make) this finding. Therefore, a certificate of appealability is not warranted.

4